IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONALD STUDDERS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER<br><br>Case No. 2:14-cv-336 BCW<br><br>Magistrate Judge Brooke Wells |

Donald G. Studders seeks judicial review of the decision of the Commissioner of Social Security denying Mr. Studders' application for Disability Insurance Benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.[1] After careful consideration of the record and the briefs, the court has determined that oral argument is unnecessary and decides this case based upon the record before it.[2] For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge (ALJ).[3]

## BACKGROUND[4]

In November 2010, Mr. Studders filed his Social Security application alleging a disability onset date of October 26, 2010. His application was denied and a hearing was held before an ALJ on March 17, 2011. The ALJ rendered an unfavorable decision finding Mr. Studders not

---

[1] 42 U.S.C. §§ 405(g), 1383(c).

[2] *See* Scheduling Order, docket no. 11 (noting that [o]ral argument will not be heard unless requested at the time of [the] filing first briefs by either party and upon good cause shown").

[3] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[4] The parties fully set forth the background of this case, including the medical history, in their memoranda. The court does not repeat this background in full detail.

disabled within the meaning of the Act.[5]  Mr. Studders requested review by the Appeals Council

and his request was denied making the ALJ's decision final for purposes of review.[6]

Plaintiff was 49 when he filed for benefits and 51 on the date of the ALJ's decision[7]

In his application for benefits, Mr. Studders claimed disability due to diabetes mellitus and pain,

as well as limitations caused by a torn rotator cuff, degenerative problems with his neck, and

depression.[8]  In his opening brief Plaintiff further asserts that he suffers from degenerative disc

disease of the spine, peripheral neuropathy, acute renal failure, left cubital tunnel syndrome,

carpal tunnel syndrome, anxiety, and esophagitis.[9]

At the hearing before the ALJ the record states that Mr. Studders was represented by an

individual.  It is unclear whether that individual was John Borsos, his present counsel on appeal,

or Ms. Olsen, as both are mentioned by name in the transcript of the hearing.[10]  Mr. Studders

testified that his worst disabling conditions were his diabetes, a rotator cuff injury, carpal tunnel

in his left arm, his neck problems and the medicine he took.[11]  Mr. Studders stated that he had a

GED and worked as a carpenter.[12]  He claimed he could barely move his arm and had difficulty

turning his neck.[13]  On a good day he would check his blood sugar around four times but if he

was feeling ill he would check it six to ten times a day.[14]  He reported being able to stand for 15-

20 minutes and could walk about a block without stopping.  Mr. Studders testified that he was in

pain quite often and it affected his daily activities.

---

[5] Tr. 18.  Tr refers to the official transcript of the record before the court.
[6] 20 C.F.R. § 404.981.
[7] Tr. 15, 55.
[8] Tr. 196, 250.
[9] Opening brief p. 1, docket no. 16.
[10] Tr. 34.  During the hearing the representative is referred to as an attorney via the abbreviation Atty.
[11] Tr. 37-38.
[12] Tr. 38-39.
[13] Tr. 41.
[14] Tr. 41.

During the hearing the ALJ questioned Mr. Studders' representative about the inconsistencies in Mr. Studders' treating physician Dr. Dennis Gordon's notes. Specifically, the ALJ noted the discrepancies in Dr. Gordon's notes about Mr. Studders' shoulders going from full range of motion with a probable rotator cuff tear in one exam, to only four months later opining that Mr. Studders was unable to ever reach overhead with the left arm and only occasionally with the right.[15] In short objective exams pointed to one diagnosis while notes shortly thereafter pointed to much more severe limitations. The ALJ further noted the lack of any evidence in the record about neuropathy, including no medical provider discussing an inability to walk as testified to by Mr. Studders.[16] Finally, the ALJ raised serious questions about the applicability of Mr. Studders' carpal tunnel syndrome because he had surgery and was released by the doctor who performed the surgeries to "regular duties."[17] Mr. Studders' counsel at the hearing agreed with the ALJ about the inconsistencies in the record including a lack of evidence regarding an inability to walk[18] and a lack of evidence indicating that the carpal tunnel syndrome was still a problem.[19]

The ALJ also received testimony from a Vocational Expert (VE). The VE testified that based on his work record Mr. Studders past relevant work experience was as a siding installer. In response to the ALJ's hypothetical the VE testified that an individual with those limitations could not perform Plaintiff's past work. But such an individual could perform jobs that exist in the national economy, such as bakery worker, electrode cleaner, and laminator grader.[20]

---

[15] Tr. 44-45.
[16] Tr. 46-47.
[17] Tr. 47.
[18] Tr. 47.
[19] Tr. 47-48.
[20] Tr. 51-52.

In his decision the ALJ followed the standard sequential five-step evaluation process for determining whether an individual is disabled and found as follows:[21] (1) Mr. Studders had not engaged in any substantial gainful activity since his alleged onset date; (2) he had severe impairments of degenerative disc disease of cervical spine, peripheral neuropathy, left rotator cuff tear, and diabetes mellitus; (3) he did not have an impairment or combination of impairments that meets or equals the listings; (4) he was unable to perform past relevant work; but (5) he was capable of performing work that exists in significant numbers in the national economy.[22]

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[23] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] It requires more than a scintilla, but less than a preponderance.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[25] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[26] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[27] Where the evidence as a whole can support either the agency's

---

[21] *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five step process).
[22] Tr. 20-27.
[23] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).
[24] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).
[25] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[26] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[27] *Lax*, 489 F.3d at 1084 (citation omitted).

decision or an award of benefits, the agency's decision must be affirmed.[28]  Further, the Court

"may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the

Court would justifiably have made a different choice had the matter been before it de novo.'"[29]

## ANALYSIS

In this appeal Mr. Studders argues the ALJ erred in: (1) failing to properly consider

whether his impairments meet or equal a listed impairment; (2) rejecting the opinions of Dr.

Morris and his treating physicians; (3) improperly evaluating his credibility; and (4) failing to

properly determine his residual functional capacity.  As set forth below, the Commissioner's

decision is supported by substantial evidence and free of reversible legal error.  Thus, the court

affirms the decision of the Commissioner.

Before turning to these arguments the court notes that in his reply brief Mr. Studders

argues that "[m]ost of the Defendant's arguments are post hoc justification."[30]  This is an appeal

of the Commissioner's decision and as such, "[a]rguments not presented in an opening brief are

waived."[31]  The court therefore does not address this argument and even were it to do so finds

that it is not supported in the record and is unpersuasive.

**(i)     The Listings**

Mr. Studders first argues that the ALJ failed to properly consider whether his

impairments meet or equal a listed impairment.  Mr. Studders contends that although "the ALJ

discussed his reasons for determining that Mr. Studders' impairments did not meet a listed

---

[28] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[29] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

[30] Reply p. 1.

[31] *Alvarado v. Utah*, 2015 WL 1935237 *1 (10th Cir. 2015); *see also City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 N.5 (10th Cir. 2009).

impairment, he failed to discuss the evidence that supported his determination [and] this error in itself warrants a remand."[32]  The court is not persuaded by these arguments.

The ALJ explicitly stated that he considered the "medical evidence" including the "objective signs, symptoms or findings, [and] degree of functional limitations," as well as the opinion evidence in the record.[33]  The ALJ specifically noted in his decision that Mr. Studders' physical impairments implicated Listing 1.04 for disorders of the spine and 1.14 for peripheral neuropathy.  The ALJ determined, however, that the severity criteria for these listings were not satisfied.

Plaintiff points to his diagnoses and argues the ALJ erred by not calling on a medical expert to address the question of medical equivalence.  Diagnoses *per se* are not sufficient to meet a listing.[34]  Further, absent any evidence to the contrary the court is to take the ALJ at his word that he considered the medical evidence.[35]  Mr. Studders fails to offer evidence to the contrary that persuades this court that the ALJ erred at step three.  In short, the ALJ's determination that Mr. Studders' impairments failed to meet a listing is supported in the record and the ALJ properly considered his signs, symptoms, and functional limitations.

### (ii)   Opinions of Dr. Morris and Treating Physicians

Mr. Studders next contends that the ALJ failed to properly evaluate the opinion of his treating physician when the ALJ gave little weight to the opinion of Dr. Dennis Gordon. A treating source's opinion cannot be given controlling weight if it is not well-supported by medically acceptable clinical or laboratory diagnostic techniques, or if it is inconsistent with

---

[32] Opening brief p. 9.

[33] Tr. 21.

[34] SSR 86-8, 1986 WL 68636 *4 ("The mere accumulation of a number of impairments will not establish medical equivalency.").

[35] *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (noting, in evaluating an ALJ's statement that he considered all of the claimant's symptoms, a general practice of taking a lower tribunal at its word when it declares that it has considered a matter).

other substantial evidence in the record.[36]  An ALJ, however, must still give "good reasons" in

his decision for whatever weight he provides to a treating source opinion, be it great weight, little

weight, or something in between.[37]  While 20 C.F.R § 404.1527(c) provides a framework for

how an ALJ is to weigh a medical opinion, an ALJ is not required to "apply expressly" every

relevant factor for weighing opinion evidence.[38]

As noted earlier, during the hearing before the ALJ, the ALJ explicitly questioned Mr.

Studders' representative about the inconsistencies in Dr. Gordon's treatment notes.[39]  In his

arguments Mr. Studders' counsel goes to great length to cite the applicable Tenth Circuit

standards for evaluating the opinion of a treating physician.  But, he fails to even address these

inconsistencies that were explicitly mentioned by the ALJ at both the hearing and in his decision.

Such inconsistencies are a proper basis for discounting a treating source opinion.  The ALJ

specifically notes these problems with Dr. Gordon's opinions in his decision and decides to give

Dr. Gordon's opinion little weight.[40]

Rather than addressing the ALJ's analysis and the stated inconsistencies, Mr. Studders

counsel alleges the ALJ "failed to go through the required process in evaluating the opinion of

the treating physician"[41] without offering any facts in support of this argument.  On appeal such

poorly developed arguments are often not even considered.[42]  But, in this instance the court

addresses Mr. Studders argument and finds it wholly unsupported by the record.

---

[36] 20 C.F.R. § 404.1527(c)(2)
[37] 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 375188 *5.
[38] *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).
[39] Tr. 44-45.
[40] Tr. 25.
[41] Opening brief p. 12.
[42] *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [the plaintiffs] contentions that have been adequately briefed for our review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir.2004) ("The scope of our review . . . is limited to the issues the claimant . . . adequately presents on appeal." (internal quotation marks omitted))

Accordingly the court finds no reason to upset the ALJ's analysis of the medical evidence

including his decision to discount the opinion of Dr. Gordon.  The ALJ set forth specific,

legitimate reasons for not fully accepting Dr. Gordon's opinion and these reasons are supported

by the evidence in the record.

### (iii)   Mr. Studder's Credibility

Mr. Studders next contends that the ALJ did not properly assess his credibility.  An ALJ

must evaluate whether the claimant's descriptions of pain or other symptoms are credible.[43]  This

is a two-step process.  The claimant must first demonstrate a medically determinable impairment

that could "reasonably be expected" to produce the alleged symptoms.[44]  Once the claimant

demonstrates such an impairment, the ALJ may consider the credibility of the claimant's

descriptions of symptoms and limitations in light of the entire case record.[45]  The ALJ may

consider factors such as the claimant's daily activities, treatment history, and the objective

medical evidence.[46]  Credibility determinations are the province of the ALJ and should not be

disturbed if supported by substantial evidence.[47]

Here, the ALJ cited to Plaintiff's non-compliance with prescribed treatment and

inconsistencies in the record.[48]  Specifically, the ALJ noted numerous examinations within

normal limits in regards to Mr. Studders' degenerative disc disease, medical records indicating

improvement of Plaintiff's diabetes and neuropathy through medication management, and a lack

of verifiable tests confirming the rotator cuff tear.[49]  The ALJ also considered Mr. Studders work

history.  The court finds the ALJ's credibility determinations are closely and affirmatively linked

---

[43] *See* 20 C.F.R. § 404.1529(c).
[44] SSR 96-7p, 1996 WL 374186, at *2.
[45] *Id.*
[46] *Id.* at *3.
[47] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002); *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).
[48] Tr. 23.
[49] Tr. 23-24.

to substantial evidence in the record.[50]   Therefore, the court declines Plaintiff's invitation to reweigh the evidence and finds that the ALJ set forth specific reasons for not giving full weight to Mr. Studders subjective complaints.

### (iv)   Residual Functional Capacity

Finally, Mr. Studders asserts that the ALJ's assessment of his RFC "fails to meet legal standards."[51]   Mr. Studders argues that the ALJ's assessment appears to be a conclusion without reasoning or citation to specific facts.  The record does not support these arguments.

The ALJ specifically cited to Mr. Studders' functional limitations as set forth in the hearing.[52]   In addition, the ALJ analyzed the medical record in regard to Mr. Studders limitations.  This included a discussion of the evidence regarding degenerative disc disease, diabetes, neuropathy and the left rotator cuff tear.[53]   This evidence supports the ALJ's RFC determination.  Once again Mr. Studders' counsel cites the applicable Tenth Circuit standards but then ignores the ALJ's analysis.  Accordingly, the court finds the ALJ's RFC assessment is supported by substantial evidence.

Closely connected to Plaintiffs RFC argument is his assertion that the ALJ committed error at step five in determining there were other jobs in the national economy that he could perform.  In support Plaintiff cites to the DOT,[54] but the DOT descriptions do not support his argument.  Thus, there is no need to disturb the ALJ's step five finding.[55]

---

[50] *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).

[51] Opening brief p. 13.

[52] Tr. 22.

[53] Tr. 23-24.

[54] DOT is an abbreviation for the Dictionary of Occupational Titles.

[55] The court is concerned by the lack of support and nature of many of the arguments raised in Plaintiff's appeal. Counsel for Plaintiff is reminded of both Federal Rule of Civil Procedure 11 and Federal Rule of Appellate Procedure 46.5 that prohibit frivolous arguments.  Continuing to raise arguments that are not warranted by the record and left unsupported may be grounds for monetary sanctions against Plaintiff's counsel.

## CONCLUSION

For the reasons stated above, the court finds the Commissioner's decision is supported by substantial evidence.  The Commissioner's decision is therefore AFFIRMED.  The Clerk of the Court is directed to close the case.

DATED this 18 May 2015.

Brooke C. Wells
United States Magistrate Judge